John **NICHOLS**, aka Jack Nichols, Plaintiff–Appellant,

v.

**COUNTY OF SACRAMENTO; et al., Defendants–Appellees.**

No. 10–16241.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 7, 2012.

See Fed. R.App. P. 34(a)(2).

John Nichols, Fair Oaks, CA, pro se.

Amanda Lynn Butts, Esquire, John A. Lavra, Esquire, Jeri Lynn Pappone, Lon-

gyear, O'Dea & Lavra, LLP, Sacramento, CA, for Defendants–Appellees.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

John Nichols, aka Jack Nichols, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants retaliated against him for reporting corruption in the County of Sacramento Building Inspection Unit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Huppert v. City of Pittsburg*, 574 F.3d 696, 701 (9th Cir.2009), and we affirm.

█ The district court properly granted summary judgment on Nichols's First Amendment claim because Nichols failed to raise a genuine dispute of material fact as to whether his protected speech was a substantial or motivating factor in his termination. *See id.* at 702.

█ The district court properly granted summary judgment on Nichols's claim of retaliation for whistleblowing, in violation of California Labor Code section 1102.5, because Nichols failed to raise a genuine dispute of material fact as to whether there was a "causal link" between his protected activity and termination. *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal.App.4th 1378, 37 Cal.Rptr.3d 113, 117 (2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nichols's remaining contentions, including that the district court did not consider the evidence he submitted, are unpersuasive.

**AFFIRMED.**